UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Castillo, Jr. on behalf of himself and all others similarly situated, ) ) ) | **FILED**<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y |
| Plaintiff, ) | ★ AUG 13 2009 ★ |
| v. ) ) | No. BROOKLYN OFFICE |
| Erica L. Brachfeld, ) | CLASS ACTION |
| A Professional Corporation d/b/a ) | **09   35  6** |
| Law Offices of Brachfeld & Associates; ) | |
| The Brachfeld Law Group, ) | |
| A Professional Corporation; ) | **SIFTON, J** |
| Erica L. Brachfeld a/k/a Erica L. Shubin; ) | |
| and Martin Brachfeld a/k/a Marty Brachfeld, ) ) | **GOLD, M.J.** |
| Defendants. ) | JURY DEMANDED |

### Class Action Complaint for Violations of the
### Fair Debt Collection Practices Act

#### Introduction

1.      This is a consumer class action brought on behalf of consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

#### Jurisdiction and Venue

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331, because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

3.      Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

1

4.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

5.    Venue is also proper in this district because Defendants transact business in this district and the interests of justice require maintenance of this action in this district.

### *Parties*

6.    The Plaintiff, Jose Castillo, Jr., is a citizen of New York who resides within New York City, more specifically, within Kings County.

7.    Plaintiff is a "consumer," as that term is defined by §1692(a)(3) of the FDCPA.

8.    Erica L. Brachfeld, A Professional Corporation d/b/a Law Offices of Brachfeld & Associates (ELBAPC) is a California business entity engaged in the collection of debts alleged to be due another.

9.    ELBAPC has a principal place of business at 20300 S. Vermont Avenue, Suite 120, Torrance, CA 90502.

10.    ELBAPC's principal purpose is the collection of debts using the mails and telephone.

11.    ELBAPC regularly attempts to collect debts alleged to be due another using the mails and telephone.

12.    Defendant ELBAPC is a debt collector as defined by §1692(a)(6) of the FDCPA.

13. ELBAPC is not licensed as a debt collection agency by the New York City Department of Consumer Affairs (NYC-DCA) under the New York City Administrative Code (NYCAC) § 20-490.

14. Brachfeld Law Group, A Professional Corporation (BLG) is a California business entity engaged in the collection of debts alleged to be due another.

15. BLG's principal place of business is 20300 S. Vermont Avenue, Suite 120, Torrance, CA 90502.

16. BLG's principal purpose is the collection of debts using the mails and telephone.

17. BLG regularly attempts to collect debts alleged to be due another using the mails and telephone.

18. BLG is a debt collector as defined by §1692(a)(6) of the FDCPA.

19. BLG is not licensed as a debt collection agency by the NYC-DCA under NYCAC § 20-490.

20. Upon information and belief, Defendant Erica L. Brachfeld a/k/a Erica L. Shubin (Erica L. Brachfeld) is an attorney and the President of ELBAPC.

21. Upon information and belief, Erica L. Brachfeld is also the President of BLG.

22. Upon information and belief, Erica L. Brachfeld is responsible for devising and implementing the debt-collection procedures of ELPAPC and BLG.

23. Defendant Erica L. Brachfeld is an individual engaged in the collection of debts alleged to be due another.

3

24.     Erica L. Brachfeld's principal place of business is 20300 S. Vermont Avenue, Suite 120, Torrance, CA 90502.

25.     Erica L. Brachfeld's principal purpose is the collection of debts using the mails and telephone.

26.     Erica L. Brachfeld regularly attempts to collect debts alleged to be due another using the mails and telephone.

27.     Erica L. Brachfeld is a debt collector as defined by §1692(a)(6) of the FDCPA.

28.     Erica L. Brachfeld is not licensed as a debt collection agency by the NYC-DCA under NYCAC § 20-490.

29.     Upon information and belief, Martin Brachfeld a/k/a Marty Brachfeld (Martin Brachfeld), is the Director of Compliance for ELBAPC and BLG.

30.     Upon information and belief, Martin Brachfeld is a suspended attorney in the State of California.

31.     Upon information and belief, Martin Brachfeld is responsible for devising and implementing the debt-collection procedures of ELBAPC and BLG.

32.     Upon information and belief, Defendant Martin Brachfeld is an individual engaged in the collection of debts alleged to be due another.

33.     Upon information and belief, Martin Brachfeld's principal place of business is 20300 S. Vermont Avenue, Suite 120, Torrance, CA 90502.

34.     Upon information and belief, Martin Brachfeld's principal purpose is the collection of debts using the mails and telephone.

4

35.     Upon information and belief, Martin Brachfeld regularly attempts to collect debts alleged to be due another using the mails and telephone.

36.     Upon information and belief, Martin Brachfeld is a debt collector as defined by §1692(a)(6) of the FDCPA.

37.     Martin Brachfeld is not licensed as a debt collection agency by the NYC-DCA under NYCAC § 20-490.

38.     Upon information and belief, the operations, interests, assets and liabilities of ELBAPC have been completely merged into BLG, thereby extinguishing the separate personalities of the two entities.

39.     Upon information and belief, the interests of ELBAPC, BLG, Erica L. Brachfeld, and Martin Brachfeld are unified within the same business venture that is owned, managed, and/or controlled by Erica L. Brachfeld and Martin Brachfeld, such that the separate personalities of the business entities and the individuals no longer exists, and if the acts of any one business entity were treated as those of the entity alone, an inequitable result will follow.

### Factual Allegations Regarding Plaintiff's Receipt of a Form Collection Letter

40.     On or about November 29, 2008, Defendants attempted to collect an alleged debt from Plaintiff.  ("the alleged debt").

5

41.    The alleged debt was incurred primarily for personal, family, or household purposes and is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

42.    On or about November 29, 2008, in an attempt to collect the alleged debt, Defendants mailed a letter to Plaintiff's residence in Kings County, New York. A copy of the letter is attached as <u>Exhibit A</u>.

43.    Exhibit A was the Defendants' initial communication with Plaintiff.

44.    Upon information and belief, Exhibit A is a form letter, and Defendants sent form letters containing virtually identical text to hundreds, if not thousands, of consumers residing in New York State.

45.    Upon information and belief, Defendants have sent collection letters to hundreds, if not thousand, of consumers residing in the City of New York.

46.    Upon information and belief, Defendant Erica L. Brachfeld was aware of the written content of Exhibit A before it was mailed to Plaintiff.

47.    Upon information and belief, Defendant Martin Brachfeld was aware of the written content of Exhibit A before it was mailed to Plaintiff.

### Class Action Allegations

48.    Plaintiff brings the following Count on behalf of himself and two Classes:

    a.    Class A consists of all consumers in the City of New York who:

    (a) within one year before the filing of the complaint (b) were

sent collection letters by any of the Defendants; (c) which were not returned by the postal service as undelivered.

b.   Class B consists of all consumers within New York State who: (a) within one year of the filing of the complaint (b) were sent collection letters in a form materially identical or substantially similar to Exhibit A; (c) which were not returned by the postal service as undelivered.

49.   Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this case because:

a.   The communications at the heart of this litigation are repetitive and computer-generated and utilize form-collection letters, and the classes are so numerous that joinder of all members is impracticable.

b.   There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members.  The principal questions presented by this case are (a) whether <u>Exhibit A</u> violates various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§1692 e, f, g, and their subsections and (b) whether Defendants' attempts to collect debts within the City of New York without a debt-collection agency license violated the NYCAC and therefore the FDCPA.

c.   The only individual issues are the identification of the consumers who received communications from the Defendants (i.e. the class members), a matter capable of ministerial determination from Defendant's records.

d.   Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

e.   Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

50.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

51.    The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

52.    Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

53.    If the facts are discovered to be appropriate, Plaintiff will seek to certify the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COUNT I

### *Violations of §§ 1692 e, f, and g of the Fair Debt Collection Practices Act, and their subsections*

54.    Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

55.    This Count is brought on behalf of the Plaintiff, individually, and on behalf of the Classes defined above.

56.    Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt. Specifically, 15 U.S.C. § 1692e(2)(A) states that a debt

8

collector cannot make a "false representation of the character, amount, or legal status of any debt." Section 1692e(5) of the FDCPA prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

58.     Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

59.     Section 1692g of the FDCPA requires that a debt collector include a validation notice with the initial communication to the consumer. Under 15 U.S.C. § 1692g(a)(2) the validation notice must include "the name of the creditor to whom the debt is owed."

60.     By sending the November 29, 2008 letter (Exhibit A) to Plaintiff in New York City, Defendants violate multiple sections of the FDCPA including but not limited to 15 U.S.C. §§ 1692 e, e(2)(A), e(5), e(10), f, g, and g(a)(2).

61.     All debt-collection communications by Defendants with New York City residents, including Exhibit A, violate 15 U.S.C. §§ 1692e, e(5) and e(10) because Defendants are attempting to collect debts within the boundaries of the City of New York without the license required by NYCAC § 20-490. Furthermore, Defendants have committed an additional violation of 15 U.S.C. §§ 1692e, e(5) and e(10), by sending debt collection letters into the City of New York without displaying a NYC-DCA license number on the letter as required by Title 6 of the Rules of the City of

New York § 1-05 (6 RCNY § 1-05). These are both illegal acts that constitute the use of false and deceptive means to collect a debt. These are also unfair and unconscionable acts under 15 U.S.C. § 1692f.

62. By mailing the November 29, 2008 letter (<u>Exhibit A</u>) to Plaintiff, Defendants violate 15 U.S.C. § 1692g(a)(2), because the letter fails to properly name the creditor to whom the debt is allegedly owed. Furthermore, Defendants' failure to name the current creditor violates 15 U.S.C. § 1692e(2)(A) because it misrepresents the character or legal status of the debt. This is also a false and deceptive act under 15 U.S.C. § 1692e and e(10).

63. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render them liable to Plaintiff and the members of the classes.

64. As a result of Defendants' deceptive and unfair debt collection practices, Defendants are liable to the Plaintiff and the members of the Classes.

### *Demand for Jury Trial*

65. Please take notice that Plaintiff demands trial by jury in this action.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and on behalf of the Classes, against Defendants as follows:

(A) Statutory damages as provided by §1692k of the FDPCA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) A declaration that Defendants' form letters, represented by <u>Exhibit A</u>, violate the FDCPA;

10

(D)   A declaration that by attempting to collect debts from New York City residents without being licensed as debt collection agencies under the NYC-DCA, Defendants have violated the FDCPA; and

(E)   Any other relief this Court deems appropriate and just under the circumstances.

Dated:   New York, New York
         August 13, 2009

Respectfully submitted,

Brian L. Bromberg
One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Brian L. Bromberg
Peter T. Lane
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Joseph Mauro
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

11

# Exhibit A

LAW OFFICES OF BRACHFELD & ASSOCIATES
20300 S. VERMONT AVE
SUITE 120
TORRANCE, CA 90502

**BRACHFELD ASSOCIATES**

November 29, 2008

Originator : Sears
Originator Account # : 1711150111461614
Reference # : 10064310
Principal Due : $1,328.03
Interest Due : $339.90
Total Amount Due: $1,667.93
Amount Enclosed: _____

13558-1974

Jose Castillo
206 SCHOLES ST
BROOKLYN, NY 11206-2275

LAW OFFICES OF BRACHFELD & ASSOCIATES
P.O. BOX 421088
HOUSTON, TX 77242-1088

-------------------------------- PLEASE RETURN TOP PORTION WITH PAYMENT -------------------------------------

Principal Due : $1,328.03
Interest Due : $339.90
Total Due: $1,667.93

Dear Sir/Madam,

Our law firm has been retained to collect from you the Total Amount Due listed above.

If you want to resolve this matter, you must either pay the Total Amount Due (unless it has already been paid) or call our Law Firm at 888.765.0555 and work out arrangements for payment. If you do neither of these things, our client may be entitled to file a lawsuit against you or take further action for the collection of this debt. No decision has been made to file a lawsuit. If legal action is taken and a lawsuit is filed, it may be handled by our client or an attorney in your state.

Federal law gives you 30 days after receiving this letter to dispute the validity of this debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it, by notifying our firm in writing to that effect we will, as required by law, obtain and mail to you proof of debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information as well.

The law does not require our client to wait until the end of the thirty-day period before pursuing their contractual rights against you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt (through litigation or otherwise) until we mail the requested information to you.

At this time, no attorney with this firm has personally reviewed the particular circumstances of and no decision has been made to file legal action. If a decision is made to file legal action, this account will be forwarded to a licensed attorney in your state to review for litigation.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

As of the date of this letter, you owe the Total Amount Due shown above. Because of interest, and other charges that may vary from day to day, the Total Amount Due on the day you pay may be greater. Hence, If you pay the amount shown above. an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for the collection. For further information, write the undersigned or call toll free: 888.765.0555.

| Send your payments to: | Send overnight delivery to: | Send Correspondence to: |
|---|---|---|
| Law Offices of Brachfeld & Associates | Law Offices of Brachfeld & Associates | Law Offices of Brachfeld & Associates |
| P.O. Box 421088 | 800 West Sam Houston Parkway South | 20300 S. Vermont Ave |
| Houston, TX 77242-1088 | Suite 200 | Suite 120 |
| | Houston, TX 77042 | Torrance, CA 90502 |



**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

(8001-13558-1974

Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.ctm.

**IN MASSACHUSETTS:** YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (888) 856-2120 between 8:00 am and 5:00 pm Pacific Time Monday-Friday or in writing at 20300 S. Vermont Ave. Suite 120, Torrance, CA 90502.

**In New York, New York:** This collection agency license is pending.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**North Carolina:** Its true name is The Law Offices of Brachfeld & Associates, PC. Its true addresses are: (a) 20300 S. Vermont Ave. Suite 120, Torrance, CA 90502.

Privacy Notice

In accordance with federal regulations, Brachfeld & Associates is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Brachfeld & Associates.

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- o  Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- o  Information about your transactions with us or others, such as your account balance and payment history.
- o  Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o  Credit bureaus
- o  The original creditor and other entities that have had an ownership interest in your account
- o  Entities that provide mailing services on our behalf
- o  Entities that provide collection-related services on our behalf
- o  Others, such as third parties, when you direct us to share information about you
- o  Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 20300 S. Vermont Ave. Suite 120, Torrance, CA 90502. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments, or general customer service, you may contact us by telephone at 888-856-2120 between the hours of 8:00 am to 5:00 pm Pacific Time, Monday through Friday, or you may write us at 20300 S. Vermont Ave. Suite 120, Torrance, CA 90502.

By sending your check, please be aware that you are authorizing Brachfeld & Associates to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.